UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES HENRY ROBERTS,<br><br>                Petitioner,<br>    v.<br><br>STATE OF WASHINGTON,<br><br>                Respondent. | Case No. 3:24-cv-05507-JLR-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for   September 10, 2024 |

Petitioner Charles Henry Roberts has filed a petition for writ of error *coram nobis* under the "All Writs Act," 28 U.S.C. 1651(a) to challenge two 2015 convictions in Washington state court for felony harassment. Dkt. 1. Petitioner avers that "[b]ecause he is no longer in custody or under restraint for these convictions, even though he continues to suffer collateral consequences, 28 U.S.C. § 2254 is no longer available to him." *Id.* at 1. Petitioner alleges his felony harassment convictions in state court violate the First Amendment. *Id.*

Petitioner has moved for leave to proceed in *forma pauperis* (IFP) and has also moved to stay and abey his petition while he exhausts his remedies in state court – he indicates he has filed a personal restraint petition raising the same issues he raises in the instant petition. Dkts. 3, 5. Respondent opposes the motion to stay and abey the petition arguing that a stay is inappropriate as the Court lacks jurisdiction over a petition for writ of error *coram nobis*. Dkt. 8.

//

REPORT AND RECOMMENDATION - 1

DISCUSSION

A writ of coram nobis "is appropriately heard by the district court in which the conviction was obtained." *Korematsu v. U.S.*, 584 F. Supp. 1406, 1412 (N.D. Cal. 1984) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)). "It is well settled that the writ of error *coram nobis* is not available in federal court to attack state criminal judgments…. A writ of error *coram nobis* can only issue to aid the jurisdiction of the court in which the conviction was had." *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (per curiam); *Madigan v. Wells*, 224 F.2d 577, 578, n. 2 (9th Cir. 1955) ("the writ [of *coram nobis*] can issue, if at all, only in aid of the jurisdiction of the [ ] court in which the conviction was had." (citing 28 U.S.C § 1651(a)), *cert. denied*, 351 U.S. 911 (1956); *Hensley v. Municipal Court*, 453 F.2d 1252, n. 2 (9th Cir. 1972) ("We are unable to treat this petition as one seeking *coram nobis* relief because [the petitioner] seeks to challenge a state court proceeding in federal court. *Coram nobis* lies only to challenge errors occurring in the same court."), *reversed on other grounds*, 411 U.S. 345 (1973); *see Finkelstein v. Spitzer*, 455 F.3d 131, 133-34 (2d Cir. 2006) (collecting cases and affirming denial of petition for *coram nobis* relief on ground of lack of subject matter jurisdiction); *Vasquez v. United States of America*, 16-cv-5341-RBL, Dkts. 8, 10 (denying petition for writ of *coram nobis* seeking to challenge state court conviction due to lack of subject jurisdiction).

Petitioner argues that the Court should grant the motion to stay and abey the petition because the respondent's argument that the Court lacks jurisdiction cites to non-binding authority and "a writ of coram nobis to vacate a state conviction is not plainly foreclosed in the Ninth Circuit." Dkt. 9 at 1-3. However, the Ninth Circuit has

REPORT AND RECOMMENDATION - 2

indicated that a writ of error *coram nobis* "can issue, if at all, only in aid of the jurisdiction of the [ ] court in which the conviction was had." *See Madigan*, 224 F.2d at 578, n. 2. And, even assuming arguendo that this issue has not been sufficiently squarely addressed by the Ninth Circuit or United States Supreme Court, to qualify as binding authority, there is, at a minimum, substantial and significant persuasive authority, including from the Ninth Circuit, supporting the conclusion that the writ of error *coram nobis* is not available in federal court to attack a state court conviction.

Accordingly, the Court should DENY and DISMISS the petition for writ of error *coram nobis* for lack of subject matter jurisdiction. *See Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) ("A judge … may dismiss an action *sua sponte* for lack of jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The motion to proceed IFP (Dkt. 5) and motion to stay and abey (Dkt. 3) should be DENIED as moot.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY and DISMISS the petition for writ of error *coram nobis* (Dkt. 1) for lack of subject matter jurisdiction. The motion to proceed IFP (Dkt. 5) and motion to stay and abey (Dkt. 3) should be DENIED as moot. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

REPORT AND RECOMMENDATION - 3

purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **September 10, 2024**, as noted in the caption.

Dated this 26th day of August, 2024.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge