UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES HENRY ROBERTS, | CASE NO. C24-5507JLR-TLF |
| Petitioner, | ORDER |
| v. | |
| STATE OF WASHINGTON, | |
| Respondent. | |

## I. INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Theresa L. Fricke (R&R (Dkt. # 10)), and Petitioner Charles Henry Roberts's objections thereto (Objections (Dkt. # 11)). Respondent State of Washington filed a response to Mr. Roberts's objections. (Resp. (Dkt. # 12)). Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 10) and DISMISSES Mr. Roberts's petition for writ of *coram nobis* with prejudice.

## II.  STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  The court reviews *de novo* those portions of the report and recommendation to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c).

## III.  DISCUSSION

Mr. Roberts filed a petition for a writ of *coram nobis* to vacate his 2015 Washington felony harassment convictions.  (*See generally* Petition (Dkt. # 1); Judgment (Dkt. # 1-4), at 1-2.)  Mr. Roberts has moved for leave to proceed *in forma pauperis* and to stay and abey his petition while he exhausts his state court remedies.  (Dkt. ## 1, 3.)  The State avers that a stay is improper because the court lacks jurisdiction over Mr. Roberts's petition.  (*See generally* Resp.)

Mr. Roberts objects to the Report and Recommendation asserting that denial and dismissal of his petition is inappropriate because the issue of the court's jurisdiction over the case is "not settled and has not been fully litigated."  (Objections at 1.)  Additionally, Mr. Roberts argues that the All Writs Act authorizes the court to use a writ of *coram nobis* to correct errors like those he alleges.  (*See id.*)

The court has an "independent obligation to address *sua sponte* whether it has subject matter jurisdiction" over Mr. Roberts's case.  *See F.D.I.C. v. Davidyuk*, No. C13-1592JLR, 2014 WL 2893309, at *8 n.15 (W.D. Wash. June 25, 2014) (citing

1   *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004)).  There is no

2   "uncertainty" about the court's lack of jurisdiction over this case.  (*See* Objections at 2.)

3   The writ of *coram nobis* "is not available in federal court to attack the judgment of [the]

4   state court."  *Chiofar v. Schapira*, No. C07-0244JCC, 2007 WL 3087147, at *6 n.2 (W.D.

5   Wash. Oct. 19, 2007) (first citing *Finkelstein v. Spitzer*, 455 F.3d 131, 133-34 (2d Cir.

6   2006); and then citing *United States v. Tucor Int'l, Inc.*, 35 F. Supp.2d 1172 (N.D. Cal.

7   1998)).

8        Additionally, the All Writs Act—from which federal courts derive their power to

9   issue writs of error *coram nobis*—provides that federal courts "may issue all writs

10  necessary or appropriate *in aid of their respective jurisdictions and agreeable to the*

11  *usages and principles of law.*"  28 U.S.C. § 1651(a) (emphasis added); *see also*

12  *Finkelstein*, 455 F.3d at 134.  Namely, the Act "does not confer jurisdiction on the federal

13  courts" and is always used "with reference to its common-law scope."  *Finkelstein*, 455

14  F.3d at 134 (first quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002);

15  and then quoting *United States v. Morgan*, 346 U.S. 502, 508 (1954)).  Federal courts

16  have historically used the writ to "correct errors within their own jurisdiction."

17  *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008).  Mr. Roberts asks this

18  court to issue a writ to correct an alleged error in his state case.  (*See* Objections at 1, 4-

19  5.)  Accordingly, the court lacks jurisdiction to consider Mr. Roberts's petition for a writ

20  of *coram nobis.*

21        //

22

1

## IV.  CONCLUSION

2        For the foregoing reasons, the court hereby ORDERS as follows:

3        (1)  The court OVERRULES Mr. Roberts's objections (Dkt. # 11) and ADOPTS

4   the Report and Recommendation (Dkt. # 10) in its entirety;

5        (2)  The court DENIES and DISMISSES Mr. Roberts's petition for writ of *coram*

6   *nobis* (Dkt. # 1) for lack of subject matter jurisdiction;

7        (3)  The court DENIES Mr. Roberts's motion to stay and abey his petition

8   (Dkt. # 3) and application to proceed *in forma pauperis* (Dkt. # 5) as moot; and

9        (4)  The court DIRECTS the Clerk to send copies of this order to Mr. Roberts, to

10   counsel for the State, and to Magistrate Judge Fricke.

11        Dated this 30th day of September, 2024.

12

13                                          JAMES L. ROBART
                                            United States District Judge

14

15

16

17

18

19

20

21

22